IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2006 JAN -5  P 2: 54
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| CAMERON LOPES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br><br><br><br>Civil Case No. 2:05-CV-1075 TC<br>Criminal Case No. 2:02-CR-289 TC |

Mr. Cameron Lopes has filed a petition under 28 U.S.C. § 2255.[1] On October 3, 2003, Mr. Lopes plead guilty to Count 1 of the Second Superseding Indictment, Conspiracy to Conduct Affairs of an Enterprise Through a Pattern of Racketeering Activity. The court sentenced Mr. Lopes on March 9, 2004, to 240 months imprisonment and 60 months supervised release following his release. (See United States v. Lopes, Case No. 2:02-CR-289, Amended Judgment of Conviction (Dkt.# 944)). Mr. Lopes did not file an appeal. On December 28, 2005, Mr. Lopes filed his petition.

Mr. Lopes' § 2255 petition must be denied for two reasons. First, Mr. Lopes' §2255 is time-barred. Under 28 U.S.C. § 2255(1), Mr. Lopes had one year from "the date on which the judgment of conviction bec[ame] final" to file his petition. Here, Mr. Lopes' amended judgment

---

[1] Because the record in this case conclusively shows that Mr. Lopes is not entitled to relief, the court has decided the matter without a hearing.

1

and conviction was entered on March 9, 2004. Under Federal Rule of Appellate Procedure 4(b), Mr. Lopes had ten days from March 9, 2004 (excluding weekends and holidays), or until March 23, 2004, to appeal his conviction. He did not, however, appeal. Accordingly, his Judgment of Conviction became final on March 23, 2004, when his time for filing a notice of appeal expired. As a result, the one-year time period for Mr. Lopes' § 2255 petition began to run on March 23, 2004, and expired on March 23, 2005.

Mr. Lopes did not file the current petition until December 28, 2005, more than nine months after the expiration of the one-year time period. Accordingly, because Mr. Lopes did not file his petition within one year of the date his judgment became final, and because he provided no reason for his failure to file his petition before March 23, 2005, his petition is barred, and must be denied.

Second, Mr. Lopes' § 2255 Petition must be denied because he has waived his right to collaterally attack his sentence under § 2255. Specifically, in his Statement in Advance of Plea of Guilty, he agreed to the following:

> I also knowingly, voluntarily and expressly waive my right to challenge my sentence and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Statement of Def. in Advance of Plea of Guilty (Dkt # 876) at ¶ 12(c)(1).) His waiver is valid because the evidence shows that it was entered voluntarily and knowingly.

## ORDER

For the foregoing reasons, the § 2255 Petition is DENIED.

DATED this __5__ day of __January__, 2006.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge